## FARRINGTON v. BRINKLEY.
### Civ. No. 1722-M-Civ.

District Court, S. D. Florida,
Miami Division.
March 20, 1947.

■ ⊜⇒4

234

David Koller, of Miami Beach, Fla., for plaintiff.

G. T. Whitfield, of Miami, Fla., for defendant.

De VANE, District Judge.

This case came on for trial before the court, without a jury, on March 12, 1947; the jury having been specifically waived. The suit is to recover what is alleged to be an excess payment over the ceiling price for an automobile sold by defendant to plaintiff. The parties stipulated that the ceiling price for said automobile, on the date of sale, was $1,152.33. Plaintiff claims that she paid $1,500 for the automobile. Defendant denies this and claims plaintiff paid him the ceiling price and no more for said automobile.

Plaintiff testified that on the date of sale she paid defendant $800 in cash and signed finance papers for $700, which defendant secured from the Finance Company. Defendant admits the receipt of the $700 from the Finance Company, but testified that plaintiff paid not $800, but $452.33, in cash. Plaintiff produced a witness to support her testimony that she paid $800 in cash to defendant at the time of the sale. An employee was produced by defendant, who supported his testimony that plaintiff paid defendant only $452.33.

Upon the entire record of the case, the demeanor of the witnesses on the witness stand and their observation by the court while testifying the court is more impressed with the testimony of plaintiff and her witness and finds and holds that defendant sold said automobile to plaintiff for $1,500, which was $370.67 above the ceiling price therefor.

While the court is convinced by the evidence that the violation of the regulations of the Office of Price Administration by defendant was willful there is no evidence in the case that warrants the court in assessing treble damages against defendant. The evidence shows that plaintiff was anxious to purchase the automobile and was entirely satisfied with her transaction with defendant and brought this suit after she had been summoned by the Office of Price Administration, to its office, and informed that she had paid in excess of the ceiling price for the automobile. Under these circumstances the court will assess damages against the defendant in the sum of $400 for said violation, plus a reasonable attorney's fee.

In this case parties stipulated that in the event a judgment should be rendered for plaintiff and if the evidence shows that plaintiff is entitled to recover, in addition, an attorney's fee, that said fee should be fixed by the court. This case is one of three cases tried in succession against the defendant and in the first of said cases counsel stipulated to an attorney's fee of $200. The amount involved in the case where this fee was stipulated was less than the amount involved here. The court, therefore, holds $200 to be a reasonable attorney's fee.

A judgment will be entered for plaintiff in accordance with this memorandum decision.